The NATURE CONSERVANCY,
Appellee,

v.

MACHIPONGO CLUB, INC., a West Virginia Corporation, Appellant.

The NATURE CONSERVANCY,
Appellant,

v.

MACHIPONGO CLUB, INC., a West Virginia Corporation, Appellee.

Nos. 76–2086, 76–2087.

United States Court of Appeals, Fourth Circuit.

July 31, 1978.

Allan Gates, Timothy B. Atkeson, Hardy Wieting, Jr., Washington, D. C., for appellee in No. 76–2086 and for appellant in No. 76–2087.

Herbert H. Bateman, Newport News, Va., and William W. Talbot, Webster Springs, W. Va., for appellant in No. 76–2086 and for appellee in No. 76–2087.

Anthony F. Troy, Atty. Gen. of Virginia, and James E. Moore, Asst. Atty. Gen., Richmond, Va., for amicus curiae Commonwealth of Virginia.

Before WINTER and RUSSELL, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM:

The parties and the Commonwealth of Virginia have all filed petitions for rehearing, some with suggestions for rehearing in banc. The petitions reargue the correctness of the several issues which were presented by this appeal, including (1) the Conservancy's right to prohibit use of the North-South Road, (2) the Conservancy's right to prohibit travel on the Atlantic beaches not within the confines of Machipongo's property, (3) the Conservancy's right to prohibit use of the meadow and marshlands by the public for fishing and fowling, and (4) whether Machipongo had obtained a right-of-way from the property it purchased to the beach (the so-called Beach Access Road).

In our opinion, we decided that Machipongo had not obtained title to the Beach Access Road. In this respect, we reversed the judgment of the district court. We affirmed the judgment of the district court with respect to its holding that the North-South Road was not a public road and therefore the Conservancy could prohibit use of it, that the Conservancy could prohibit travel on the beaches not within the confines of Machipongo's property, and that the Conservancy could not prohibit the use of the meadow and marshlands for fishing and fowling by the public.

In deciding the rights of the parties with respect to use of the beaches not within the confines of Machipongo's property and use of the meadow and marshlands for fishing and fowling, the district court was obliged to consider and apply a number of Virginia statutes which had not been authoritatively construed by the Virginia courts.

Subsequent to the filing of the several petitions for rehearing and before we had taken formal action thereon, we were advised that there has been filed in the Circuit Court for the County of Northampton, Virginia, a bill of complaint for declaratory judgment and injunctive relief. The bill of complaint was filed by numerous Virginia citizens and residents against the Conservancy and its resident manager. The bill of complaint seeks an adjudication as to whether the Conservancy has title to the Atlantic beaches outside of the confines of Machipongo's property and to the meadow and marshlands of Hog Island with the right to bar the plaintiffs and other members of the public therefrom. It is alleged that, to the extent that the Conservancy claims title to the beaches and to the meadow and marshlands by virtue of grants from· the Commonwealth of Virginia in 1901, the grants are void by virtue of various statutes of the Commonwealth of Virginia, as the statutes should be properly construed and applied. The bill of complaint further asserts that the North-South Road is a public road by dedication and acceptance or by prescriptive right, and that there are other roads and easements on Hog Island which, through long and uninterrupted use by the owners of property on Hog Island the public at large, have become and remain lawful roadways or easements permitting access to and ingress and egress to and from the shores, creeks and landings on Hog Island.

■ Since the district court, in deciding the instant case, was exercising diversity jurisdiction, it was its function as well as ours to apply the law of Virginia as articulated by the Supreme Court of Virginia, or as we in óur informed judgment predicted would be applied by the Supreme Court of Virginia were the case before it. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In deciding the issues of whether the Conservancy acquired title to the Atlantic beaches outside of the confines of Machipongo's property and to the meadow and marshlands, and the right to prohibit use of the beaches as well as use of the meadow and marshlands, the district court and we were required to construe and apply various Virginia statutes as to which there was no definitive interpretation by the Supreme Court of Virginia. Under *Erie,* we are fully aware that the construction we have afforded such statutes is not definitive. At most, our construction is only persuasive and should the Supreme Court of Virginia construe the statutes differently from us, its decision will prevail.

■ Although *Meredith v. Winter Haven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943), demonstrates that federal courts normally do not abstain in diversity cases, we read *Louisiana Power & Light v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959), and *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959), as permitting abstention in diversity cases where (1) state law is unsettled, and (2) an incorrect federal decision might embarrass or disrupt significant state policies. *See* Hart & Wechsler, The Federal Courts and the Federal System 1002–1005 (2d ed. 1973); American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts § 1371, at 49 (official draft 1969). *See also Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813–15 & n. 21, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

■ Abstention in this case is proper with regard to the issues of statutory interpretation that relate to the ownership of the beaches and the meadow and marshlands. The interpretation of the statutes is unsettled, so a federal court would be required to reach its judgment without any guidance from the authoritative tribunal, and the issue of the ownership of the beaches and meadow and marshlands raises fun-

damental questions of public policy that should be resolved in the first instance by the state courts. With respect to the ownership of the beaches, meadow and marshlands, we are not unmindful that an incorrect federal decision might adversely affect property owners throughout all of Virginia's coastal regions. Conversely, the issues of the North-South Road and the Beach Access Road involve no statute the interpretation of which is unsettled, nor do they involve questions of public policy transcending the interests of the parties. Abstention as to them, particularly after a full trial and two federal adjudications, is not warranted.

Since we are now assured that a definitive decision by the Virginia courts on the statutory issues relating to the ownership of the beaches and the meadow and marshlands will be forthcoming, we think that we and the district court should defer decision until the state courts have spoken. By this course we also avoid the potential problems of *res judicata* or collateral estoppel that might be presented should the Virginia Supreme Court construe the statutes differently from us. We have therefore concluded to grant rehearing in part and to modify our directions to the district court.

In accordance with the opinion we have previously filed, we affirm the district court in part and reverse in part as therein indicated. However, we remand the case to the district court with the instruction that the district court shall stay its judgment with respect to the Atlantic beaches outside of the property of Machipongo and the meadow and marshlands within the property of the Conservancy until the final decision of the Supreme Court of Virginia in the case filed by *Archie L. Bradford, et al. v. The Nature Conservancy, et al.,* Chancery No. 16, in the Circuit Court for the County of Northampton, unless the plaintiffs are responsible for any reasonable delay in such decision. Should the Supreme Court of Virginia decide either of said issues differently from our decision with respect thereto, the district court shall conform its decision to that of the Supreme Court of Virginia, notwithstanding our views, conducting such

further proceedings as may be necessary and desirable. Should the views of the Supreme Court of Virginia coincide with our own, or should plaintiffs unreasonably delay a decision by the Supreme Court of Virginia, the district court shall vacate its stay of final judgment in accordance with the opinion we have heretofore filed.

IT IS SO ORDERED.