887 F.2d 1078
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stephen W. BENNETT, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a
corporation, Defendant-Appellee.
 No. 89-1012.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 17, 1989.
Decided: Sept. 20, 1989.
 
 John H. Bicknell (Greene, Ketchum, Bailey & Tweel), on brief, for appellant.
 David C. Ray (Campbell, Woods, Bagley, Emerson, McNeer & Herndon), on brief, for appellee.
 Before HARRISON L. WINTER, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal raises a question of the scope of an insurers' liability under the omnibus clause of West Virginia's Motor Vehicle policy statute, W.Va.Code Sec. 33-6-31(a) (1988). The district court held that the clause did not extend coverage to the plaintiff, Stephen W. Bennett. We reverse.
 
 
 2
 * The facts of the case are not in dispute. Charles Gilliam was, on February 9, 1987, the owner of an automobile liability policy issued by defendant State Farm Mutual Insurance Company. The policy covered a 1986 Chevrolet Camaro, which was titled in the name of Charles Gilliam and his wife Virginia Gilliam. The car was used by Virginia Gilliam and the Gilliams' son, Shawn. Shawn Gilliam was under instructions from his parents that he was not to let anyone drive the car. On February 9, 1987, Shawn Gilliam allowed a friend, Stephen W. Bennett, to drive the car, and Bennett had an accident and injured several people. Although Bennett was covered by insurance under a different policy, he contended that Gilliam's State Farm policy should also provide him with coverage. The company refused to pay any benefits, and this lawsuit followed.
 
 
 3
 The district court held that State Farm was under no obligation to Bennett. Although it recognized that in 1967 the West Virginia legislature enacted statute Sec. 33-6-1, which "requires every automobile insurance policy to include an omnibus clause providing liability coverage for the named insured and any other person operating the vehicle with either expressed or implied consent of the named insured or his spouse," the court believed that in West Virginia the law remained as it was stated in State Farm Mutual Insurance Co. v. American Casualty Co. of Reading, Pennsylvania, 146 S.E.2d 842 (W.Va.1966). The American Casualty case, as with the present dispute, involved a son who loaned his parents' car to a friend against instructions. The friend, driving alone, was subsequently involved in an accident. It was held that the insurance company was not liable for damages caused by the friend. The principal reason the district court believed American Casualty was still controlling was State Farm Mutual Insurance Co. v. Allstate Insurance Co., 175 S.E.2d 478 (W.Va.1970). In Allstate, decided after the enactment of the omnibus clause statute, the West Virginia court chose merely to distinguish the facts of American Casualty from Allstate and not to address the effect of the 1967 statute on the earlier case.
 
 II
 
 4
 This court's task is to apply the law of West Virginia as articulated by statute or by that state's highest court or as we in our informed judgment predict the law would be applied by West Virginia's Supreme Court of Appeals. Nature Conservancy v. Machipongo Club, Inc., 579 F.2d 873, 875 (4th Cir.1978); Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). In this instance our work is complicated by the fact that there are conflicting indications as to the law in West Virginia. First, there is American Casualty, which resembles this dispute in virtually every relevant detail, and which denied coverage. Second, there is the omnibus clause statute which expanded insurers' liability and which was passed after the American Casualty case. Finally, there is Allstate, a 1970 decision, which found it unnecessary to address the precise relationship between the new statute and the American Casualty case.
 
 
 5
 It has been held that in similarly uncertain circumstances a federal court should apply "the latest and most authoritative expression of state law to the facts of a case." Lamarque v. Massachusetts Indemnity and Life Insurance Co., 794 F.2d 194, 196 (5th Cir.1986). Moreover, a federal court is "not required to apply mechanically" a state's latest ruling where "significant developments in the case law have since taken place." Treco v. Land of Lincoln Savings and Loan, 749 F.2d 374, 377 (7th Cir.1984). We find that in this case these general principles direct us to the specific language of the omnibus statute, and that it is clear and controlling.
 
 
 6
 Section 33-6-1 of the West Virginia Code provides in relevant part that no motor vehicle policy shall be issued:
 
 
 7
 unless it shall contain a provision insuring the named insured and any other person, except a bailee for hire and any persons specifically excluded by any restrictive endorsement attached to the policy, responsible for the use of or using the motor vehicle with the consent, express or implied, of the named insured or his spouse against liability for death or bodily injury sustained, or loss or damage occasioned within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle by the named insured or by such person: Provided, that in any such automobile liability insurance policy or contract, or endorsement thereto, if coverage resulting from the use of a nonowned automobile is conditioned upon the consent of the owner of such motor vehicle, the word "owner" shall be construed to include the custodian of such nonowned motor vehicles.
 
 
 8
 The plain language of the statute establishes that State Farm is liable under the facts of this case. The determinative phrasing is that there shall be insurance for the "named insured and any other person" who is "responsible for the use of or using the motor vehicle with the consent, express or implied, of the named insured or his spouse." There is no dispute that Shawn Gilliam had the express consent of his parents. Thus Shawn Gilliam's "use of or using the motor vehicle" by lending it to his friend Bennett passed to Bennett the consent of the insured. Any other reading of the statute would give an exceedingly narrow meaning to the words "use" and "consent."
 
 
 9
 It is worth noting, finally, that our interpretation gives the statute an effect more in harmony with its obvious purpose. As early as 1970 the Allstate court recognized that "The ultimate goal of [the omnibus] clause is to afford additional protection to the general public. To enhance the attainment of that goal it is well recognized by the authorities that the omnibus clause should be given a liberal construction." Allstate, 175 S.E.2d at 480. More recently and even more emphatically, in Burr v. Nationwide Mutual Insurance Co., 359 S.E.2d 626, 632 (W.Va.1987), the same court stated that "the primary purpose of the omnibus clause in a policy is to maximize the availability of insurance proceeds; that the principal beneficiary of the clause is the general public; and that the clause is remedial in nature and must be construed liberally so as to provide insurance coverage where possible." In Sec. 33-6-1(a), it continued, the "legislature has demonstrated a clear intent to afford coverage to anyone using a vehicle with the owner's permission as a means of giving greater protection to those who are involved in automobile accidents. The statute should be liberally construed to effect coverage." For these reasons we find that the judgment of the district court must be reversed.
 
 
 10
 REVERSED.