## ANNABELLE LEE-WARREN

### V.

## SCHOOL BOARD OF CUMBERLAND COUNTY, ET AL.

Record No. 901414

April 19, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting and Hassell, JJ., and Poff, Senior Justice

*Edward L. Hogshire (Ann B. Vaden; Buck, Hogshire & Tereskerz,* on brief), for appellant.

*Kathleen S. Mehfoud (Stephen C. Hall; Hazel & Thomas,* on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

According to the provisions of our Rule 5:42, the United States District Court for the Western District of Virginia certified to this Court on October 19, 1990 a question of Virginia law, which we accepted by order entered November 5, 1990. The question certified is: "Whether under Virginia law, a school principal with continuing contract status retains that status upon accepting a job as principal in another school division within Virginia?"

In the federal litigation, Annabelle Lee-Warren alleges that the School Board of Cumberland County and James E. Irons, Superintendent of the Cumberland County Schools (collectively, as the context dictates, the School Board), deprived her of her due process rights in violation of the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983, and that the School Board breached her employment contract. According to the District Court's certification order, the controversy turns on whether, under Virginia Code §§ 22.1-294 and -303, and the Bylaws and Regulations of the Commonwealth's Board of Education, a school

principal who has continuing contract status in one school division retains that status upon accepting a job as principal in another school division within Virginia.

The facts relevant to this question of law are undisputed. Lee-Warren was a teacher in Buckingham County from 1968-72 and a principal at two different primary schools in that county from 1972-87. She had attained continuing contract status as a principal in Buckingham County. In August 1987, Lee-Warren was hired to be the principal in adjoining Cumberland County at Cumberland Elementary School by the School Board. She executed an annual contract of employment for the term August 17, 1987 to June 30, 1988. Subsequently, on March 2, 1988, without prior notice to her, the School Board voted not to renew her employment contract for the next year.

Based on these facts, Lee-Warren alleges violation of her due process rights and breach of her employment contract. The School Board argues in response to these allegations that Lee-Warren did not have continuing contract status as a principal in Cumberland County, and consequently had no protected property interest, and therefore her termination neither violated her due process rights nor breached her employment contract.

According to the certification order, the District Court has concluded that the question certified is determinative of the dispute because a decision whether Lee-Warren had continuing contract status will resolve both the due process and the breach of contract claims. According to the District Court, the School Board's conduct "fell short of the due process and contractual standards required to be met in discharging a principal with continuing contract status." Thus, according to the federal court, if Lee-Warren "had continuing contract status as a principal in Cumberland County, then she must prevail."

Code § 22.1-294 provides, as pertinent:

"A person employed as a principal, assistant principal or supervisor, including a person who has previously achieved continuing contract status as a teacher, shall serve three years in such position in the same school division before acquiring continuing contract status as principal, assistant principal or supervisor."

Code § 22.1-303 provides, as pertinent:

"A probationary term of service for three years in the same school division shall be required before a teacher is issued a continuing contract. Once a continuing contract status has been attained in a school division in the Commonwealth, another probationary period need not be served in any other school division unless such probationary period, not to exceed one year, is made a part of the contract of employment."

Contending that the foregoing statutory language is ambiguous, and relying on regulations of the Commonwealth's Board of Education, Lee-Warren argues that a "principal retains continuing contract status as a principal when moving from one school division to another in Virginia unless a probationary period is made part of the contract of employment." We do not agree.

Language is ambiguous when it may be understood in more than one way, or simultaneously refers to two or more things. If the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness, an ambiguity exists. But when statutory language is clear and unambiguous, the plain meaning and intent of the enactment will be given to it; we take the words as written to determine their meaning. And when an enactment is clear and unequivocal, it is inappropriate to consider extrinsic facts, such as administrative regulations, that may be otherwise used to construe statutes of doubtful meaning. Such extrinsic facts may not be employed to create an ambiguity, and then remove it, where none otherwise exists. *Brown* v. *Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).

We hold that the language of the statutes under consideration is clear, unequivocal, and free of ambiguity. Thus, we will interpret the statutes as written, finding it unnecessary to consider departmental regulations.

Comparing § 22.1-294 with § 22.1-303, we observe that the former deals exclusively with principals, assistant principals, and supervisors, while the latter deals exclusively with teachers. While we have set forth above only the provisions of the respective statutes peculiarly pertinent to this controversy, the balance of the language pertains only to the respective categories of employees indicated. For example, the unquoted portion of § 22.1-294 provides for reassignment and reduction in salary of principals, assistant principals, and supervisors. The statute also defines the term "supervisor" as a "person who holds a supervisory position as

specified in the regulations of the Board of Education and who is required to hold a certificate as prescribed by the Board." On the other hand, the unquoted portion of § 22.1-303 provides for the effect on continuing contract status of a teacher who separates from and returns to teaching service in a school division in Virginia.

Plainly, § 22.1-294 requires a person to serve three years as a principal in a school division in order to achieve continuing contract status as a principal in that school division. No provision of the statute permits transfer of the continuing status. In other words, the requirement for three years' service "in the same school division" expressly limits the continuing contract rights of principals.

In contrast, § 22.1-303, while providing that a teacher's probationary period be served in the same school division in order to attain continuing status in that division, nevertheless provides that such continuing contract status as a teacher can be transferred from one school division to another. The statute eliminates the need for teachers to experience another probationary period when they are employed by another school division, unless such probation is required in the contract of employment.

Significantly, the transfer language of § 22.1-303, applicable to teachers, is missing from § 22.1-294, applicable to principals. If the General Assembly had intended to permit principals to transfer continuing contract status between school divisions, it could have easily so provided in § 22.1-294. It did not, and we will not fasten the transferability language of § 22.1-303 upon § 22.1-294. Courts are not permitted to add language to a statute nor are they "permitted to accomplish the same result by judicial interpretation." *Harbor Cruises, Inc.* v. *Commonwealth*, 217 Va. 458, 461, 230 S.E.2d 248, 250 (1976).

Accordingly, we answer the question certified in the negative.*

---

* Lee-Warren presented a second question for our consideration: "Does a principal who has previously attained continuing contract status as a *teacher* retain that status when moving from one school division to another in Virginia?" We refuse to entertain that question because it was not certified to us by the District Court.