**Annabelle LEE–WARREN, Plaintiff,**

v.

**SCHOOL BOARD OF CUMBERLAND COUNTY and James E. Irons, Defendants.**

**Civ. A. No. 89–0041–L.**

United States District Court, W.D. Virginia, Lynchburg Division.

Aug. 12, 1991.

Edward L. Hogshire, Buck & Hogshire, Ltd., Charlottesville, Va., for plaintiff.

D. Patrick Lacy, Jr. and Stephen C. Hall, Hazel, Thomas, Fiske, Beckhorn & Hanes, P.C., Richmond, Va., for defendants.

## MEMORANDUM OPINION

KISER, District Judge.

This matter is before me on the parties' cross motions for summary judgment on Counts I and IV of the Complaint.[1] The issues have been fully briefed and the matter is now ripe for disposition. As there are no material factual disputes, I must, for the reasons set forth below, grant summary judgment in favor of the defendants.

The plaintiff was a teacher in Buckingham County, Virginia from 1968–72 and a principal at two different primary schools in that county from 1972–87. In August 1987, defendant Cumberland County School Board hired plaintiff to be the principal at Cumberland Elementary School. After the plaintiff had worked in Cumberland County for less than a year, the school board voted on March 2, 1988 not to renew her employment contract. In this action, the plaintiff contends that the termination violated her constitutional right to due process (Count I) and breached her employment contract (Count IV).

This Court previously determined that, pursuant to Va.Code § 22.1–294, the plaintiff had attained continuing contract status while she was a principal in Buckingham County and that she retained that status when hired as a principal in Cumberland County. The Court further found that continuing contract status amounted to a protectable property interest which could not be taken from the plaintiff without affording her due process. The plaintiff's dismissal was determined to have been a deprivation of her due process rights and a breach of her employment contract. For these reasons, summary judgment was granted in favor of the plaintiff on her due process. and breach of contract claims. *Lee–War-*

*ren v. School Board of Cumberland County*, C.A. 89–0041–L (W.D.Va. September 13, 1990).

Recognizing this as a case of first impression under Virginia law, which could potentially impact every school district in the Commonwealth, the Court determined, *sua sponte*, that it was appropriate to certify to the Supreme Court of Virginia the statutory interpretation issue raised by the application of Va.Code § 22.1–294. The Court certified the following question: "Whether under Virginia law, a school principal with continuing contract status retains that status upon accepting a job as principal in another school division within Virginia?" The Supreme Court answered the certified question in the negative. *Lee–Warren v. School Board of Cumberland County*, 241 Va. 442, 403 S.E.2d 691 (Va. 1991). "Plainly § 22.1–294 requires a person to serve three years as a principal in a school division in order to achieve continuing contract status as a principal in that school division. No provision of the statute permits transfer of the continuing status." *Id.* at 444, 403 S.E.2d at 693.

Since the Va.Code does not allow the plaintiff to transport continuing contract status as a principal from one school division to another, and since the plaintiff has not met the three year service requirement of Va.Code § 22.1–294 for attaining continuing status in Cumberland County, it is clear that she never had continuing contract status as a principal in Cumberland County. Therefore, my opinion and order of September 13, 1990 granting summary judgment in favor of the plaintiff must be vacated. The only remaining issue is whether the plaintiff is entitled to continuing contract status as a teacher in Cumberland County.

It is undisputed that plaintiff attained continuing contract status as a teacher while employed in Buckingham County. However, the plaintiff argues that she retained the rights of a teacher with continu-

---

1. Counts II, III and V have previously been dismissed. *Lee–Warren v. School Board of Cumberland County*, C.A. 89–0041–L (W.D.Va. September 26, 1990); *Lee–Warren v. School Board of Cumberland County*, C.A. 89–0041–L (W.D.Va. July 21, 1989).

ing status while employed as a principal in Buckingham and Cumberland Counties. Even though she had no tenure rights as a principal in Cumberland County, the plaintiff maintains that she did have tenure rights as a teacher and therefore could not be fired unless afforded adequate due process protection.

Although there is some appeal to the plaintiff's argument, I find her position to be inconsistent with the plain meaning of the Va.Code. Under the statutory scheme in Virginia, a school principal is required to also be a certified teacher. Va.Code § 22.1–293 (1985 Repl.Vol.). In addition, a school board is entitled to reassign a principal to a teaching position, and reduce his pay commensurate with that position, provided that notice is given to the principal by April fifteenth. Va.Code § 22.1–294 (1985 Repl.Vol.). While these provisions make clear that a principal must also be qualified to teach, nowhere does the Va.Code suggest that by hiring a principal, a school board is necessarily also hiring a teacher. Rather, the Code makes sharp distinctions between teachers and principals as is evidenced by the very issues in this action concerning the different requirements for attaining continuing contract status.

In the present case, the Cumberland County School Board contracted for the services of a principal, not a teacher. While section 22.1–294 clearly gives the school board the option to reassign a principal to a teaching position, that option was not exercised with the plaintiff. Thus plaintiff's relationship to the school board never rose above that of a principal on probationary status. Any tenure rights held by Lee–Warren as a teacher in Buckingham County were abandoned when she accepted the principal position in Cumberland County. As such, the defendants were well within their rights to summarily fire her. The action is dismissed.

### ORDER

For the reasons stated in the Memorandum Opinion filed contemporaneously herewith, it is hereby ADJUDGED and ORDERED as follows:

1. The Court's Order of September 13, 1990, granting the plaintiff's cross-motion for partial summary judgment on Counts I and IV of the Complaint is VACATED;

2. The defendants' subsequent motion for summary judgment on Counts I and IV is GRANTED; and

3. This action is DISMISSED WITH PREJUDICE.

The Clerk is directed to STRIKE this case from the Court's active docket and to send certified copies of this Order to all counsel of record.

Enter this 12th day of August, 1991.