**Marsha YATES, Plaintiff,**

v.

**VOLUNTEER HEALTH CARE SYSTEMS, INC.,**
**Defendant.**

**Civ. A. No. 91–0089–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Feb. 11, 1992.

---

Edward G. Stout, Bristol, Va., for plaintiff.

W. Challen Walling, Bristol, Va., E. Scott Smith, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This case is presently before the court on Defendant's motion to dismiss for failure to state a claim on which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff, Marsha Yates ("Yates"), is a resident of Dickenson County, Virginia. Defendant, Volunteer Health Care Systems, Inc. ("Volunteer"), is a Tennessee corporation with its principal place of business in Nashville, Tennessee. Jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

## FACTS

Yates alleges that she suffers from a connective tissue disease and that she is a disabled person for purposes of the Virginia Code. She further states that she began working as a staff nurse for the Dickenson County Medical Center in 1986 and was eventually promoted to Director of Nursing in 1990. On or about January 29, 1991, Yates maintains that she was fired from her employment solely because of her disability. On March 29, 1991, Yates filed a motion for judgment in the Circuit Court of Dickenson County seeking reinstatement, back pay, and attorney's fees. The case was removed to this court on May 9, 1991. On August 21, 1991, Volunteer filed a motion to dismiss. The issue before the court is whether section 51.5–41 of the Virginia Code provides a cause of action for handicap employment discrimination against a private employer.

## BACKGROUND

In Virginia, the state legislature has taken several opportunities to address the issue of handicap employment discrimination. One of the early employment anti-discrimination statutes, the Virginia Fair Employment Contracting Act, Va.Code Ann. § 2.1–374 (1987), prohibits the State, its agencies, and government contractors from discriminating in employment on the basis of race, color, religion, sex, or national origin. The statute, however, does not specifically address handicap employment discrimination and is inapplicable to the present case. Subsequently, the legislature enacted the Virginia Personnel Act, Va.Code Ann. § 2.1–116.10 (1987). Although this statute prohibits handicap employment discrimination, it pertains only to applicants and employees of the Commonwealth and, therefore, does not speak to the issue of private employer discrimination.

In 1987, however, the Virginia legislature passed the Virginia Human Rights Act which prohibits discrimination on the basis of race, color, religion, national origin, sex, age, marital status, or disability in public accommodations, in real estate transactions, in employment, and to preserve the public safety, health and general welfare. Virginia Human Rights Act, Va.Code Ann. § 2.1–715 (1987). This Act provides for the creation of the Council on Human Rights and grants to the Council the authority to, among other things, "receive, investigate, seek to conciliate, refer to another agency, hold hearings ..., and make findings and

recommendations upon complaints alleging unlawful discriminatory practices." *Id.* at § 2.1–720(7).

The Act appears to apply to private and public employers but specifically declines to create a private cause of action to enforce its provisions. *Id.* at § 2.1–725. Volunteer contends that the Virginia Human Rights Act is the legislature's last word on employment discrimination protection for the handicapped and is controlling here. The court disagrees. The Virginia Human Rights Act maintains that "[n]othing contained in this chapter shall be deemed to repeal, supersede or expand upon any of the provisions of any other state or federal law relating to discrimination because of race, color, religion, national origin, sex, age, marital status or disability". *Id.* at § 2.1–717 (Cum.Supp.1991).

Yates brings this suit under yet another anti-discrimination statute: The Virginians with Disabilities Act. Originally passed in 1985, this Act prohibits "discrimination against otherwise qualified persons with disabilities by employers." Va.Code Ann. § 51.01. Unlike the broad language of the Virginia Human Rights Act, the Virginians with Disabilities Act specifically prohibits handicap employment discrimination. The remedy provision of the Act also affords broader protection than the Virginia Human Rights Act by allowing for injunctive and equitable relief, compensatory damages, and reasonable attorney's fees. In 1991, the legislature recodified Title 51.01 into Title 51.5 for better arrangement, the language remained essentially unchanged. It is under this new Title 51.5 which Plaintiff brings her cause of action.

### DISCUSSION

■ Plaintiff relies on section 51.5–41 of the Virginia Code which provides:

A. No employer shall discriminate in employment or promotion practices against an otherwise qualified person with a disability solely because of such disability.

Va.Code Ann. § 51.5–41(A) (1991) (hereinafter "41(A)"). Plaintiff contends that the language of 41(A) is clear on its face and

that the statute, therefore, applies to all employers—public and private.

Defendant, however, urges that it is not an employer within the meaning of the statute. Defendant asserts that the court must look to a statute's policy statement to interpret the meaning of one of the statute's definitional provisions. *United States v. An Article of Drug * * * Bacto–Unidisk*, 394 U.S. 784, 799, 89 S.Ct. 1410, 1418, 22 L.Ed.2d 726 (1969). Defendant declares that the language of 41(A) must be read in tandem with § 51.5–41(B) which provides:

B. It is the policy of this Commonwealth that persons with disabilities shall be employed in the state service, the service of the political subdivisions of the Commonwealth, in the public schools, and in all other employment supported in whole or in part by public funds....

Va.Code Ann. § 51.5–41(B) (1991) (hereinafter "41(B)"). Defendant suggests that section 51.5–41 only prohibits handicap discrimination against persons employed in state service, in public schools, and by other employers supported by public funds. Therefore, Defendant concludes that, as a private employer, the statute is inapplicable.

Plaintiff counters that 41(B) was not intended to modify 41(A). Plaintiff also argues that because state employees have a separate grievance procedure for handicap discrimination, the statute was not intended to be limited to state employers.

After careful review of the plain language contained in § 51.5–41(A) and § 51.5–41(B), the broad policy behind Title 51.5, and the reference to other relevant sections of the Code, the court holds that section 51.5–41(A) does provide a cause of action against private employers.

### I. Plain Language

■ Citing *Bacto–Unidisk*, Defendant contends that the court must look to 41(B) as a guide in defining "employer." Defendant's reliance on *Bacto–Unidisk*, however, requires a finding that the language in 41(A) is imprecise. The court disagrees. Black's Law Dictionary provides the cus-

tomary definition of employer as "one who employs the services of others; one for whom employees work and who pays their wages or salaries." Black's Law Dictionary 525 (6th ed. 1990). The Virginia Supreme Court has concluded that "non-technical words in statutes are taken to have been used in their ordinary sense and acceptance." *Board of Supervisors v. Boaz,* 176 Va. 126, 130, 10 S.E.2d 498, 499 (1940); *see also Commonwealth v. Orange–Madison Cooperative Farm Service,* 220 Va. 655, 658, 261 S.E.2d 532, 533–34 (1980) (noting that a statutory term should be given its ordinary meaning, given the context in which it is used).

■ The Virginia Supreme Court has observed further that "when statutory language is clear and unambiguous, the plain meaning and intent of the enactment will be given to it." *Lee–Warren v. School Board,* 241 Va. 442, 445, 403 S.E.2d 691, 692 (1991). On this point, the case is distinguishable from *Bacto–Unidisk.* There, the issue was whether an antibiotic sensitive disc was a "device" or a "drug" for purposes of the federal Food, Drug, and Cosmetic Act and thus subject to certain regulations. The statutory definition of drug specifically excluded devices. The uncertainty arose, however, because the definition of drug and device otherwise paralleled each other. The Court, therefore, found it necessary to look beyond the mere words of the statute to the legislative intent.

No such confusion exists in the present case. The court considers the language of 41(A) clear and unambiguous: "no employer shall...." The court, therefore, finds that the legislature intended the term "no employer" to mean just that—no employer, and did not propose to limit the meaning to the state employers, public schools, and other employers supported by public funds. Under the *Bacto–Unidisk* standard, there is no need to look at the policy statement because the language of the statute in this case is clear.

## II. Policy Statement

Indeed, even if the court found it necessary to look beyond the mere words of the statute, the policy statement contained in Title 51.5 supports a finding that the statute was meant to apply to all employers. Defendant cites *Crandon v. United States,* 494 U.S. 152, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990) for the proposition that the court must "look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy." *Id.* at 158, 110 S.Ct. at 1001. Defendant notes that the Fourth Circuit, in *United Hospital Center v. Richardson,* 757 F.2d 1445 (4th Cir.1985), held that the statute's policy statement must be read in conjunction with, and serve as a guide in interpreting, the statute's individual clauses.

In *Richardson,* the Fourth Circuit was asked to determine the constitutionality of a single section of a comprehensive state statute. The court relied on the statute's preamble, its statutory scheme, and the general purpose to determine the overall intention of the legislation. Defendant asserts that 41(B) is the statute's statement of policy and thereby defines "employer" because it begins with the words, "[i]t is the policy...." The court, however, does not agree that 41(B) is the policy statement contemplated by *Richardson.* After a careful reading of the statute, the court finds that the policy statement of Title 51.5 is actually contained in the Declaration of Policy:

> *Declaration of Policy.*—It is the policy of this Commonwealth to encourage and enable persons with disabilities to participate fully and equally in the social and economic life of the Commonwealth and to engage in remunerative employment....

Act approved April 3, 1990, 1991 Va. Acts 658, 664, § 51.5–1.[1]

As clearly stated in the Declaration of Policy, the object of the statute is to assist handicapped persons to engage in gainful

---

**1.** Although the Declaration of Policy is not printed in the Virginia Code, the court is persuaded that it provides the overall policy statement of the section. The reader is referenced to the Declaration of Policy through the Editor's Note.

1006

employment. Although the language of 41(B) limits discrimination in state service, in public schools, or in other employment supported by public funds, the language of 41(A) provides no such limitation. Had the legislature intended to limit discrimination practices to the entities outlined in 41(B), it would not have included 41(A). The court, therefore, rejects Defendant's argument that 41(B) constitutes the statute's policy statement and finds that the legislature intended to assist handicapped persons to participate in all meaningful employment, not only state service, public schools, or other employment supported by public funds.

### III. The Virginia Minimum Wage Act Reference

Finally, the court is persuaded by section 51.5–41(E) which proclaims that "nothing in this section shall be construed as altering the provisions of the Virginia Minimum Wage Act (§ 40.1–28.8 et seq.)." Va.Code Ann. § 51.5–41(E) (1991) (hereinafter "41(E)"). The reference to the Virginia Minimum Wage Act provides the court with a definition of employer: "any individual, partnership, association, corporation, business trust, or any person or groups of persons acting directly or indirectly in the interest of an employer in relation to an employee." Va.Code Ann. § 40.1–28.9(A) (1990). In *Richardson*, the Fourth Circuit declared that "if a statute is enacted to co-exist with another statute, that fact is to be considered and given effect if possible." *Richardson*, 757 F.2d at 1451. By referencing the Virginia Minimum Wage Act within section 51.5–41, the legislature demonstrated its intent to embrace all employers, including private employers, within the meaning of the statute.

### CONCLUSION

The court, after carefully considering the plain language of § 51.5–41, reviewing the general intent of Title 51.5, and considering the reference to the Virginia Minimum Wage Act, the court hereby DENIES Defendant's Motion to Dismiss.