JUSTICE COMPTON,
with whom CHIEF JUSTICE CARRICO and JUSTICE STEPHENSON join, dissenting.
The basis of the plaintiff’s so-called “common law” claim is that she has been the victim of discrimination in the workplace because of pregnancy and childbirth. The plaintiff contends, and the majority agrees, “that pregnancy discrimination is a form of sex discrimination.” But “pregnancy” discrimination is not expressly prohibited by the Virginia Human Rights Act, Code §§ 2.1-714 through -725 (the Act), or any other Virginia law. Sound public policy may indeed justify legislation to prohibit the sort of conduct about which the plaintiff complains in this case. However, that public policy should be declared by the General Assembly, not four judges.
The plaintiff said in the trial court that the issue here, “simply put,” is “whether a female employee’s giving birth is grounds for termination of employment in Virginia.” She suggested to the trial court “that disparate treatment of female employees because they have the capacity to give birth or have in fact given birth is a quintessential expression of gender discrimination.” That contention makes interesting rhetoric, but it disregards the settled law that any narrow exception to Virginia’s employment-at-will doctrine must be based on a specific Virginia statute in which the General Assembly has established a public policy that the employer has contravened. See Lawrence Chrysler Plymouth Corp. v. Brooks, 251 Va. 94, 98, 465 S.E.2d 806, 809 (1996); Miller v. SEVAMP, Inc., 234 Va. 462, 467-68, 362 S.E.2d 915, 918-19 (1987); Bowman v. State Bank of *128 Keysville, 229 Va. 534, 540, 331 S.E.2d 797, 801 (1985). And, as I have said, there is no Virginia statute expressly prohibiting defendant’s conduct.
As pertinent, the Act declares the Commonwealth’s policy to safeguard in employment all individuals “from unlawful discrimination because of race, color, religion, national origin, sex, age, marital status or disability.” Code §2.1-715(1). Courts may construe or interpret statutory language that is “difficult to comprehend, is of doubtful import, or lacks clearness and definiteness. . . . But when statutory language is clear and unambiguous, the plain meaning and intent of the enactment will be given to it; we take the words as written to determine their meaning.” Lee-Warren v. School Bd. of Cumberland County, 241 Va. 442, 445, 403 S.E.2d 691, 692 (1991). Neither pregnancy nor childbirth is mentioned in §2.1-715(1), and judges should not add that language to this unambiguous statute. Stated differently, when the legislature makes it unlawful for an employer to discriminate because of “sex,” courts should not “readily infer” that the term encompasses pregnancy or childbirth. General Elec. Co. v. Gilbert, 429 U.S. 125, 145 (1976).
Moreover, at the time the plaintiff filed her motion for judgment, the Act provided: “Nothing in this chapter creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions. Nor shall the policies or provisions of this chapter be construed to allow tort actions to be instituted instead of or in addition to the current statutory actions for unlawful discrimination.” Code § 2.1-725 (Repl. Vol. 1987). Thus, even if discrimination because of pregnancy or childbirth is, by implication, the same as discrimination because of gender, the General Assembly clearly has stated that the public policies set forth in the Act may not be used as the basis for private tort actions, such as the present case.
Finally, the majority places great reliance on Lockhart v. Commonwealth Educ. Systems Corp., 247 Va. 98, 439 S.E.2d 328 (1994), and labors to harmonize it with Lawrence Chrysler Plymouth Corp. and Bowman. The continued viability of Lockhart is doubtful.
In 1995, the General Assembly acted promptly to nullify the scope of Lockhart, the legislature extensively amended Code § 2.1-725 (Repl. Vol. 1995). Acts 1995, ch. 838. These amendments confirm, contrary to the majority’s holding today, that the Act does not establish a Bowman-type public policy exception to Virginia’s employment-at-will doctrine.
Consequently, I would affirm the judgment of the trial court.