George M. COLES, Jr., as Personal Representative of the Estate of Donald E. Egan, and Emilie C. Egan, Plaintiffs,

v.

William Harold JENKINS, Travel Ventures Ltd. d/b/a Vermont Bicycle Touring, Defendants.

Civil Action No. 97–0031–C.

United States District Court, W.D. Virginia, Charlottesville Division.

Oct. 8, 1998.

John Randolph Parker, Parker, McElwain & Jacobs, PC, Charlottesville, VA, Richard J. Phelan, James D. Dasso, Dianne L. Hicklen, Foley & Lardner, Chicago, IL, for George M. Coles, Jr., Emilie Egan.

William Vaughan Riggenbach, Duane & Shannon, Richmond, VA, for William Harold Jenkins.

Glen Michael Robertson, Marshall Allen Winslow, Jr., Payne, Gates, Farthing & Radd, P.C., Norfolk, VA, Rodney E. Gould, Rubin, Hay & Gould, P.C., Framingham, MA, for Travel Ventures, Ltd.

*MEMORANDUM OPINION*

MICHAEL, Senior District Judge.

Before the court is the defendant Travel Ventures, Ltd. d/b/a Vermont Bicycle Touring's ("VBT") Motion for Certification of Question of State Law to Supreme Court of Virginia and Stay Pending Decision of Supreme Court of Virginia. For the reasons expressed herein, the court will deny the motion.

I.

Pursuant to Rule 5:42 of the Rules of the Supreme Court of Virginia, that court may "in its discretion answer questions of law certified to it by ... a United States

district court ..." Va.Code Ann., Rules of Sup.Ct. 5:42(a) (Michie 1998). The Rule authorizes the Supreme Court to answer such questions on the conditions that "a question of Virginia law is determinative in any proceeding pending before the certifying court and it appears there is no controlling precedent on point in the decisions of the Supreme Court." *Id.* Only the certifying court can invoke the rule by order; neither the parties nor the Supreme Court of Virginia can unilaterally invoke certification. *See id.* at (b).

■ Although there is no rule in the Western District of Virginia explicitly authorizing certification to the Virginia Supreme Court, precedents combined with state law as embodied in the Rules of the Supreme Court of Virginia clearly indicate that it is within this court's power to use the certification procedures when appropriate. While it is more common for the Court of Appeals for the Fourth Circuit to invoke the certification procedures in Virginia, United States District Courts also have this power, and do occasionally certify questions to the Supreme Court of Virginia. *See, e.g., Powell v. U.S. Fidelity & Guar. Co.,* 88 F.3d 271 (4th Cir.1996) (approving district court decision not to certify issue to Virginia Supreme Court "given the overwhelming force of authority from other jurisdictions"), *Lee–Warren v. School Bd. of Cumberland County,* 241 Va. 442, 403 S.E.2d 691 (1991) (question certified by U.S. District Court for the Western District of Virginia that was determinative of the dispute).

## II.

■ In this case, the question proposed by defendant VBT for certification to the Supreme Court of Virginia does not satisfy the criteria provided by Rule 5:42 of the Rules of the Supreme Court of Virginia. The question VBT proposes is:

Whether under Virginia negligence law, foreseeability of a superseding cause, and thus whether such a cause is "extraordinary" and "independent," is to be judged by the foreseeability of the specific act of negligence involved or merely by the foreseeability of negligence in general?

While all parties would agree that this question is determinative of the dispute, thereby satisfying one of the two criteria in Rule 5:42, this court finds that the second criterion is not met because it cannot be said that there is no controlling precedent on point in the decisions of the courts of Virginia.

The list of cases decided by Virginia courts and federal courts applying Virginia law in which issues of foreseeability and superseding cause similar to those at issue here is too long to produce here. The briefs and memoranda of the parties in this case provide ample evidence that there is a vast body of case law in Virginia that pertains to the crucial issues in this case. The court need only cite one case on point to demonstrate that the second criterion for certification is not met. *See, e.g., Cooper v. Ingersoll Rand Co.,* 628 F.Supp. 1488, 1493–94 (W.D.Va.1986) (relying on, *inter alia, Maroulis v. Elliott,* 207 Va. 503, 151 S.E.2d 339, 344 (1966) and describing one of the considerations in determining whether a second tort is superseding as "whether the harm caused was different in kind from that which would have followed from defendant's negligence"). Plaintiffs are indeed correct in referring to a long line of cases in Virginia on the issues of foreseeability and what constitutes a superseding cause. *See Scott v. Simms,* 188 Va. 808, 51 S.E.2d 250 (1949) and its progeny.

Some caution is warranted when a court decides whether or not to invoke certification procedures. Indeed, some courts have added a third criterion to the list of predicates to certification to the Supreme Court of Virginia: whether the question relates to a fundamental question of public policy. *See Nature Conservancy v. Machipongo Club, Inc.,* 579 F.2d 873, 875–76 (4th Cir.1978). Ordinary principles of judicial economy and efficiency also caution against casually granting motions for certification of questions to the appropriate state court.

This court finds that it is fully able to answers the questions of law posed in this case using the numerous precedents in the case law in Virginia. No issues of public policy will be impacted by this court retaining jurisdiction to decide the questions of state law at issue here. While there may be

questions peculiar to the facts of this case that make application of the case law difficult or close, that does not warrant certifying a very specific, more fact-based question to the Supreme Court of Virginia. Therefore, VBT's motion for certification and for a stay shall be denied.