## Richmond

## HARBOR CRUISES, INC. v. COMMONWEALTH OF VIRGINIA, ET AL.

November 24, 1976.

Record No. 760001.

Present, All the Justices.

*James E. Bradberry (Moore, Weaver, Moore & Bradberry,* on briefs), for appellant.

*Wayne N. Smith (Lewis S. Minter,* on brief), for State Corporation Commission.

HARRISON, J., delivered the opinion of the court.

The issue involved in this appeal is whether the language of Code § 56-457.9, entitled "Grandfather Clause", exempts sight-seeing carriers by boat in operation prior to January 1, 1968, from the provisions of Chapter 14.1, Title 56 of the Code of Virginia.

Harbor Cruises, Inc., has been a sight-seeing carrier by boat continuously since 1965, operating from the Municipal Boat Harbor in Newport News and servicing the Hampton Roads area. In 1968, the General Assembly of Virginia adopted an act entitled "Sight-seeing Carriers by Boat" [Ch. 14.1, Title 56, Code of Virginia] (§§ 56-457.1 to -457.10). Thereafter Harbor Cruises says that it was notified by the State Corporation Commission that by virtue of the Grandfather Clause of the Act it was authorized to continue its operations. This clause, Code § 56-457.9, provides:

"The provisions of chapter 14.1 (§ 56-457.1 et seq.) of Title 56 shall not be applicable to any sight-seeing carrier by boat or special or charter party by boat as defined in this chapter in operation on or before January one, nineteen hundred sixty-eight. Provided, however, any sight-seeing carrier by boat or special or charter party by boat, whether or not in operation on or before January one, nineteen hundred sixty-eight, shall file with the Commission a statement showing the scheduled point or points of interest or area of operation and the rate for regularly scheduled trips. (1968, c. 516.)"

From 1965 to 1975 appellant originated its sight-seeing service from the Municipal Boat Harbor in Newport News. During the summer of 1975 Harbor Cruises expanded its service by offering sight-seeing trips originating at the Willoughby Bay Marina, Norfolk, Virginia. Walter M. McDowell, and other tour boat operators, immediately protested, first seeking injunctive relief in the Circuit Court of the City of Norfolk, and thereafter instituting proceedings before the State Corporation Commission. The Commission held that appellant was not authorized by virtue of § 56-457.9 to originate sight-seeing carrier by boat service from Norfolk, Virginia, and entered an order enjoining appellant from rendering further service until such time as Harbor Cruises "obtains a certificate of public convenience and necessity authorizing such service, as required by Code § 56-457.8, Virginia Code". Appellant is here on an appeal of right.

Sight-seeing carriers by boat are regulated by the Commission and, with the exception provided in the Grandfather Clause, are required to obtain a certificate of public convenience and necessity prior to beginning service. Failure to do so is a misdemeanor. The schedules of the carriers are subject to the approval or disapproval of the Commission; the fares of sight-seeing carriers are fixed by the Commission; certificates cannot be transferred or leased, and may be revoked for failure to furnish economical, comfortable and convenient transportation. Carriers which have certificates can have but one point of origin and this point, and the regular routes to the point or points of interest, must be named in the certificate.

The Commission maintains that Code § 56-457.9 relieves appellant from the necessity of obtaining a certificate of public

convenience and necessity only to the extent of that service which was provided by Harbor Cruises on January 1, 1968. It reasons that the entire purpose of the Act was to insure the orderly development of the sight-seeing carrier by boat industry for the benefit of the general public. It says that to hold that the statute extends a blanket exemption to all sight-seeing services that are or could be offered by the grandfather carrier would defeat the purpose of the Act. The Commission argues that such a holding would divest the Commission of any effective control over the sight-seeing carrier by boat industry because the grandfather carriers would be protected from the certificated carriers, while the latter would be without protection from those which were in business on January 1, 1968.

The Commission concludes that if public convenience and necessity is the polestar for carriers in the sight-seeing by boat industry, the Grandfather Clause of the Act, designed to regulate the industry, must be construed in such manner as will protect duly certificated carriers from the deleterious effects of competition which is not required by public convenience and necessity. It says that the only way the Sight-seeing Carrier By Boat Act can have any meaningful application is to conclude that any new service begun by a carrier after January 1, 1968, must first be authorized by a certificate of public convenience and necessity, regardless of whether the carrier offering the service was in existence before or after January 1, 1968.

Harbor Cruises contends that Code § 56-457.9 states categorically and clearly that the provisions of the Act "shall not be applicable to any sight-seeing carrier by boat . . . in operation on or before January one, nineteen hundred sixty-eight". The only restriction placed upon such carriers is that they shall file statements showing rates and area of operation. Harbor Cruises argues, and we agree, that this Code provision is clear and free of any ambiguity and that it admits of but one construction.

Had the legislature intended to limit the protection afforded existing carriers to its operations, routes and points of origin on a specified date, it could have done so in direct and specific terms. The legislature has done so on numerous occasions. The Acts of the General Assembly, Extra Session 1923, Ch. 161, Section 3, provided that a motor vehicle carrier be granted a certificate as a matter of right if it was actually operating on the specified date "over the route" for which the certificate was sought. Code § 56-

265.3 provides that a public utility shall be entitled to a certificate to furnish service to the territory which it served on the specified date. And Code § 56-338.33 provides that a petroleum tank truck carrier is entitled to a certificate to continue transportation from its point of origin on the specified date, or from such other point as may be required by transfer of the source of supply.

While it may be, as the Commission maintains, that public convenience and necessity would be better served by affording grandfather protection to sight-seeing carriers by boat limited to the extent of their operations on January 1, 1968, such a limitation is not dictated or permitted by the clear language of the statute. The statute makes no exception and has no qualification. There is no restriction as to routes, points of origin or points of call. It simply provides that the Act "shall not be applicable to any sight-seeing carrier by boat . . . in operation on or before January one, nineteen hundred sixty-eight", and we are without authority to add the words, "to the extent of its operation on that date", to the sentence. Neither are we permitted to accomplish the same result by judicial interpretation.

The order of the State Corporation Commission, enjoining Harbor Cruises, Inc., from rendering further sight-seeing carrier by boat service from Norfolk, Virginia, until such time as the company obtains a certificate of public convenience and necessity authorizing such service, is reversed. The injunction will be dissolved, and the proceeding will be dismissed.

*Reversed and dismissed.*