**BEACH ROBO, INC.,**
**Plaintiff–Appellant,**

**Hilltop Shell, Inc., Intervening**
**Plaintiff–Appellant,**

v.

**CROWN CENTRAL PETROLEUM, INC,**
**Defendant–Appellee.**

No. 87–1090.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1987.

Decided Nov. 3, 1988.

Beverly A. Yeskolski (Bennett & Bennis, P.C., Virginia Beach, Va., on brief), for plaintiffs-appellants.

F. Bradford Stillman (McGuire, Woods, Battle & Boothe, Norfolk, Va., on brief), for defendant-appellee.

Before RUSSELL, WIDENER and WILKINS, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The plaintiff, an owner and operator of a gasoline station in Virginia Beach, Virginia, seeks an injunction against the defendant, a "producer and refiner" of gasoline, forbidding the latter from operating a filling station less than a mile and a half from its station in violation of the Virginia Petroleum Products Franchise Act, Virginia Code Section 59.1–21.8 through 21.18:1 and for statutory damages. The Act on which the plaintiff relies has a "grandfather" clause exempting from its prohibitions "retail outlets operated by producers or refiners on July 1, 1979," section 59.1–21.16:2(D). The gasoline station involved in the suit was being operated on July 1, 1979 by Ashland

Oil (Ashland) "a producer or refiner" of gasoline within the Act. This station was later operated by two subsidiaries of Ashland, both of which qualified as "producers or refiners" under the Act. One of these subsidiaries thereafter leased the station to an independent "dealer" as defined in the Act. When this "dealer" became bankrupt and the lease reverted to Ashland's subsidiary, the latter leased the station to the defendant, which proposes to operate it as a gasoline station. It is this operation by the defendant which the plaintiff would prohibit as violation of the Act.

The dispositive issue in the case is whether the station is embraced within the "grandfather" exemption of the Act. It is the plaintiff's position that the "grandfather" exemption in favor of "a refiner or producer" operating a station on July 1, 1979 is personal to the refiner or producer, especially if the transferee is also a "refiner producer." The defendant on the other hand, argues that the exemption attaches to the station or premises and, as such, may be claimed by any subsequent owner or operator of the premises. Under this construction, the defendant's operators of the station would be within the exemption and would not be violative of the Act. Since the question was one involving the construction of a Virginia statute, we certified to the Virginia Supreme Court for an opinion under the Court's certification jurisdiction, Va. Const. Art. VI, § 1, Rule 5:42 the following question:

> Whether the grandfather clause of [the Act] exempts a retail gasoline outlet that was operated by a producer or refiner on July 1, 1979 and subsequently operated by a company that is not a producer or refiner under the Act.

The Virginia Supreme Court answered the certified dispositive question in the affirmative, stating:

> The grandfather clause of the Act provides that the Act's prohibition "shall not be applicable to *retail outlets* operated by producers or refiners on July 1,

1979." Code § 59.1–21.16:2(D) (emphasis added). "Retail outlet" is defined in the Act as "the *premises* at which such petroleum products are sold to the general public." Code § 59.1–21.10(f) (emphasis added). "Premises" means "[l]ands and tenements; an estate, including land and buildings thereon; the subject-matter of a conveyance." *Black's Law Dictionary* 1063 (5th ed. 1979).

The parties stipulated that the gasoline station leased to Crown was operated as a retail outlet for petroleum products by Eastates, a producer or refiner, on July 1, 1979. Thus, when the language of the Act is given its plain meaning, it is clear that the grandfather clause applies to the *premises* where Eastates sold petroleum products on July 1, 1979. Indeed, the language of the Act is clear and "admits of but one construction." *Harbor Cruises, Inc. v. Commonwealth*, 217 Va. 458 at 460, 230 S.E.2d 248 at 250 (1976).[1]

On the basis of this answer of the certified question by the Virginia Supreme Court, we affirm the district court's denial of plaintiff's application for injunctive relief and statutory damages and its dismissal of plaintiff's action.

AFFIRMED.

---

[1]. *Beach Robo, Inc., et al. v. Crown Central Petroleum Corporation,* 236 Va. ——, 372 S.E.2d 144 (1988).