## Tazewell County School Board

### v.

## Doris Gillenwater

Record No. 900574

January 11, 1991

Present: All the Justices

*David Grant Altizer (Gillespie, Chambers, Altizer, Givens, Walk & White*, on briefs), for appellant.

*Laura B. Hernandez (Warren D. Harless; Christian, Barton, Epps, Brent & Chappell*, on brief), for appellee.

*Amicus Curiae: Virginia School Boards Association (Philip C. Stone; Douglas L. Guynn; Wharton, Aldhizer & Weaver*, on brief), for appellant.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether a public school teacher's "statement of grievance" constitutes a grievance as defined by Code § 22.1-306.

Doris Gillenwater is a teacher employed by the Tazewell County School Board to teach at Graham Intermediate School. In accordance with the School Board's evaluation plan and procedures, Dr. Robert Brown, the principal of Graham Intermediate School, was required annually to evaluate teachers assigned to that school. In June 1988, Gillenwater filed an appeal of her performance evaluation as permitted by the School Board's evaluation plan. She alleged that Brown had violated several procedures

governing teacher evaluations. Her appeal, which was ultimately considered by the School Board, was not successful.

In April 1989, Gillenwater learned that Brown had discussed with Frank Cosby, superintendent of schools, the possibility of transferring her from a middle school to an elementary school. In June 1989, Brown informed Gillenwater that she would be transferred to an elementary school. When Gillenwater asked the reason for the transfer, Brown informed her that the transfer was in the best interest of the school division. In July 1989, Cosby informed Gillenwater by letter that she was being transferred. Gillenwater placed a telephone call to Cosby and asked why she was being transferred. He informed her that the transfer was in the best interest of the school division and did not offer any other explanation.

Gillenwater filed a statement of grievance on July 20, 1989. She stated, "I believe my being transferred to Tazewell Elementary School is a direct act of reprisal for having filed an appeal to my evaluation in June of 1988." In her statement of grievance, Gillenwater also identified certain school board policies, procedures, and regulations that she alleged were "being grieved," including School Board Regulation R 5-11 which required that the division superintendent meet with a teacher before transferring the teacher to another school.

Cosby advised Gillenwater that personnel transfers were not subject to the grievance procedure and denied her grievance. Gillenwater appealed the superintendent's decision to the School Board and asked the Board to determine if her statement of grievance was subject to the grievance procedure. The Board convened a special meeting, considered Gillenwater's statement of grievance, and concluded, "that based upon 'grievance' defined under . . . Code . . . § 22.1-306, acts of reprisal as a result of utilization of an appeal to an evaluation are not grievable and therefore Mrs. Gillenwater's appeal of determination on grievability is denied."

Gillenwater appealed the Board's decision to the circuit court. The court conducted an evidentiary hearing and held, among other things, that Gillenwater's allegations were subject to the grievance procedure. We awarded the Board an appeal from that judgment.

The Board argues that Gillenwater's statement of grievance does not constitute a grievance as defined by Code § 22.1-306 be-

cause she alleges that her transfer resulted from her use of the Board's evaluation plan and procedures, which are separate from the statutorily created grievance procedure. Gillenwater, however, argues that her statement of grievance identified two separate "grievable" issues: that her involuntary transfer was a direct act of reprisal for appealing her performance evaluation and that she was involuntarily transferred in violation of the School Board's rules and regulations.

█ The Constitution of Virginia and the Code mandate that "[t]he supervision of schools in each school division shall be vested in a school board." Va. Const. art. VIII, § 7; Code § 22.1-28. *See also Bristol Virginia School Board* v. *Quarles*, 235 Va. 108, 366 S.E.2d 82 (1988). Additionally, "the function of *applying* local policies, rules, and regulations, adopted for the management of a teaching staff, is a function essential and indispensable to exercise of the power of supervision vested by § 7 of Article VIII." *School Board* v. *Parham*, 218 Va. 950, 958, 243 S.E.2d 468, 473 (1978) (emphasis in original).

█ School boards are authorized to employ and assign teachers to appropriate schools upon recommendation of the division superintendent. Code § 22.1-295. The division superintendent is empowered to assign teachers to positions in a school wherein they have been placed by the school board. Code § 22.1-297. Upon adoption of the appropriate resolution by the school board, the school division superintendent may reassign teachers to any school within the division, provided no such change or reassignment during a school year shall affect the salary of such teacher. *Id.*

█ Code §§ 22.1-306 through 22.1-314 establish the statutory framework for grievances filed by teachers. Code § 22.1-306, which defines the word grievance, states in part:

'Grievance' means a complaint or dispute by a teacher relating to his or her employment including, but not necessarily limited to: (i) disciplinary action including dismissal or placing on probation; (ii) the application or interpretation of: (a) personnel policies, (b) procedures, (c) rules and regulations, (d) ordinances and (e) statutes; (iii) *acts of reprisal as the result of utilization of the grievance procedure*; and (iv) complaints of discrimination . . . . Each school board shall have the exclusive right to manage the affairs and operations of the school division. Accordingly, *the term 'grievance' shall*

*not include a complaint or dispute by a teacher relating to (i) . . . (vi) . . . transfer, assignment and retention of teachers within the school division . . . .*

*While these management rights are reserved to the school board, failure to apply, where applicable, the rules, regulations, policies, or procedures as written or established by the school board is grievable.* (emphasis added).

■ Gillenwater's complaint is not a grievance as defined by Code § 22.1-306. Her dispute concerns "transfer [or] assignment . . . of teachers within the school division" and thus is expressly excluded from the definition of a cognizable grievance by § 22.1-306. Gillenwater does not allege an act of reprisal as a result of utilization of the statutory grievance procedure. Rather, she alleges that her transfer was a direct act of reprisal for having filed an appeal of her evaluation in June 1988. However, the School Board's evaluation plan and related procedures are not part of the statutory grievance procedure. *See Barr* v. *Town and Country Properties, Inc.*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (courts must interpret statutes, which are clear and unambiguous, as written and apply plain language contained therein).

Gillenwater next argues that her statement of grievance is "grievable" because she claimed she was involuntarily transferred in violation of the School Board's rules and regulations governing transfers. The Board's Regulation R 5-11 states: "[a]ny involuntary transfer will be made only after a meeting between the teacher involved and the superintendent . . . at which time the teacher will be notified of the reasons for the transfer."

■ Code § 22.1-306(1) provides certain limitations upon the School Board's management rights and allows a teacher to file a grievance to a transfer, among other reasons, if the School Board fails to apply, where applicable, its written or established rules, regulations, policies, or procedures. Even though Gillenwater identified Regulation R 5-11 as one of three Board policies, procedures, regulations, ordinances, "being grieved," her statement of facts, which was submitted in lieu of a transcript with this Court, does not contain any facts from which the trial court could have inferred that the School Board failed to comply with this regulation. *See Bristol Virginia School Board*, 235 Va. at 119, 366 S.E.2d at 89 (school board's decision "will not be disturbed by the courts unless the board acted in bad faith, arbitrarily, capri-

ciously, or in abuse of its discretion, or there is no substantial evidence to sustain its action") (quoting *Spotsylvania School Board v. McConnell*, 215 Va. 603, 607, 212 S.E.2d 264, 267 (1975)). Accordingly, the trial court erred when it held that Gillenwater's complaint constituted a grievance as defined by Code § 22.1-306, and we will reverse the judgment of the trial court and dismiss the proceeding.

*Reversed and dismissed.*