# CIRCUIT COURT OF THE CITY OF ROANOKE

Andrea Krochalis

v.

City of Roanoke

## Case No. CL00-680

BY JUDGE ROBERT P. DOHERTY, JR.

## October 31, 2000

Roanoke City employee filed a grievance with the city alleging that she has been the subject of continuous retaliation from the city as a result of her "expressions of legitimate management concerns and questions about irregularities in the budget and [certain] expenditures. . . ." She further alleged that her "expressions all were done in compliance with the laws of the Commonwealth of Virginia and the United States Government." She claims that the retaliations against her include, but were not limited to, accusations of fraud, falsification of leave records, special requirements regarding her leave and payroll documentation, unreasonable restrictions, isolation from the work force, being barred from her work place, intimidation and assaultive behavior, ransacking of her office, harassment and belittlement in front of other staff members, questioning of present and former employees, and an action plan dealing with tardiness. Upon review of the grievance, the city manager found that the city employee's claims were not grievable under the criteria set forth in the Roanoke City Grievance Procedure. The Court finds the city manager's conclusion to be correct.

In reaching its conclusion in this case, the Court is guided by the Virginia Supreme Court decisions dealing with grievances under the state statutes, which are similar in nature to the Roanoke City Grievance Procedure. Specifically, the Court finds assistance in *Tazewell County School Board v. Gillenwater*, 241 Va. 166 (1991), and in *County School Board of York County*

*v. Epperson*, 246 Va. 214 (1993). In those cases, the Supreme Court points out that statements of grievances which contain mere conclusory statements and which do not set forth sufficient facts with which the trial Court can determine if in fact a grievable issue exists will not suffice. Those principles of review of state statutory grievances apply equally to grievances filed under the City of Roanoke Grievance Procedure.

The Court recognizes that ordinarily a supervisor's working relationship with an employee is based on that supervisor's prior contact in dealing with that employee. Accordingly, it is not reasonable, without specific factual allegations, to assume that a supervisor's or employer's act is retaliatory simply because it is related in any way to an employee's prior actions. If, however, actions taken against an employee are found to be retaliatory for whatever reason, they should be closely examined by the city manager.

In this case, the city employee provides only conclusory allegations and unsubstantiated opinion that the actions taken by the department manager were retaliatory. When those statements are coupled with the facts as found by the city manager in her investigation, they appear on their face to be non-grievable and not retaliatory. There is not sufficient fact alleged for the Court to find the city employee's complaint to be grievable.

November 13, 2000

By letter opinion dated October 31, 2000, the Court affirmed the City Manager's decision denying the employee's grievance on the grounds that there was not sufficient fact alleged to find the complaint to be grievable. City employee now requests that she be allowed by the Court to amend her grievance. She likens her grievance appeal to a ruling on a demurrer, where the losing party is frequently granted leave to file amended pleadings.

The problem with the employee's argument is that it is not addressed to the trial court, but to a court on appellate review. The issue for determination under § 15.2-1507, Code of Virginia (1950), as amended, was whether or not the chief administrative officer of a city appropriately decided the issue of grievability. That was done. The question of allowing or not allowing the city employee to file an amended grievance is not part of that appeal. This Court declines the invitation to intrude into an area of local government management that lies within the sound discretion of the City Manager.