JUSTICE KOONTZ,
with whom JUSTICE KEENAN joins, dissenting.
I respectfully dissent. I do so because, in my view, the majority effectively usurps for this Court an authority that properly rests exclusively with the General Assembly by altering the meaning of the express language of the statutes pertinent to this appeal. Specifically, in the context of this case the majority expands the meaning of the express language of Code § 16.1-269.1(E) to render meaningless the equally express language of Code § 16.1-269.6(E).
Code § 16.1-269.1(E) provides, in pertinent part, that: “An indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile’s age.” (Emphasis added). Code § 16.1-269.6(E) provides that: “Any objection to the jurisdiction of the circuit court pursuant to this *212 article shall be waived if not made before arraignment.” (Emphasis added).
Undoubtedly, with regard to an offense committed by a juvenile on or after July 1, 1996, we have held that “an indictment by a grand jury cures any defect or error . . . which has occurred in any juvenile court proceeding” pursuant to Code § 16.1-269.1(E). Dennis Moore v. Commonwealth, 259 Va. 405, 410, 527 S.E.2d 415, 418 (2000). However, that case, unlike the present case, did not involve an appeal pursuant to Code § 16.1-269.4 of a transfer decision by the juvenile court under Code § 16.1-269.1(A). Moreover, in David Moore v. Commonwealth, 259 Va. 431, 527 S.E.2d 406 (2000), we explained that “[t]he plain language of [Code § 16.1-269.6(E)] clearly manifests legislative intent that any defect in the transfer proceedings conducted in the juvenile court as provided in Article 7 is waived such that the circuit court acquires the authority to exercise its subject matter jurisdiction over the offenses charged against the juvenile unless the juvenile raises an objection based on a defect in the juvenile court transfer hearing prior to arraignment in the circuit court.” (Additional emphasis added). Id. at 440, 527 S.E.2d at 410-11.
In the present case, Dorian Lee-Kirk Shackleford challenged the jurisdiction of the circuit court based on a defect in the juvenile court transfer hearing and he did so prior to his arraignment in the circuit court in accord with Code § 16.1-269.6(E). The defect created by the lack of the required notice to his father of that transfer hearing is not disputed. Nevertheless, the majority concludes that, notwithstanding the provisions of Code § 16.1-269.6(E), under Code § 16.1-269.1(E) “the indictment cured the defect raised in Shackleford’s objection before he made the objection.” To support this conclusion the majority reasons that although “Code § 16.1-269.1(E) speaks in terms of curing defects in the proceedings in the juvenile court, an appeal from a transfer decision under Code § 16.1-269.4 is the final step in the transfer process commenced under Code § 16.1-269.1(A)” and that “the legislature intended for an indictment to cure any defects in that entire process.” Under this reasoning, for all practical purposes, any objection to the jurisdiction of the circuit court pursuant to Code § 16.1-269.6(E) could never be effective, even though timely asserted, once an indictment has been returned against the juvenile *213 defendant. Certainly, the legislature did not intend to create a right under Code § 16.1-269.6 without a remedy.*
It should be self-evident that the proceeding held in the circuit court on an appeal of a transfer decision is not a “proceeding held in the juvenile court.” Moreover, Code § 16.1-269.1(E) makes no reference to a “final step in the transfer process;” the majority simply adds that language, as it must, in order to support its expanded interpretation of the express terms of this statute. But, “[cjourts are not permitted to add language to a statute nor are they ‘permitted to accomplish the same result by judicial interpretation.’ ” Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001) (quoting Harbor Cruises, Inc. v. Commonwealth, 217 Va. 458, 461, 230 S.E.2d 248, 250 (1976)).
In my view, under Code § 16.1-269.1(E) the effect of an indictment in the circuit court is to cure defects in the juvenile proceedings for purposes of establishing the subject matter jurisdiction of the circuit court, and not to divest the circuit court of its authority under Code § 16.1-269.6 to consider objections to and appeals of a transfer decision by the juvenile court made prior to arraignment on that indictment. See David Moore v. Commonwealth, 259 Va. at 437, 527 S.E.2d at 409 (distinguishing between the power of a court to adjudicate a specified class of cases and the authority of a court to exercise that power in a particular case). Where, as here, the record shows that the Commonwealth failed to provide both of Shackleford’s parents with notice of the proceedings in the juvenile court as then required by Code §§ 16.1-263 and 16.1-264, Code § 16.1-269.6(E), in addition to the other provisions of Code § 16.1-269.6, provided Shackleford the right to assert that defect in the subsequent proceedings held in the circuit court. Moreover, that defect caused the trans *214 fer of jurisdiction from the juvenile court to the circuit court to be ineffectual and Shackleford’s subsequent convictions to be void. See Baker v. Commonwealth, 258 Va. 1, 2, 516 S.E.2d 219, 220 (1999) (per curiam), aff’g Baker v. Commonwealth, 28 Va. App. 306, 504 S.E.2d 394 (1998). The circuit court erred in failing to exercise its authority to remand the case to the juvenile court for further proceedings in order to ensure that both of Shackleford’s parents were provided with the then required notice of the proceedings against him.
For these reasons, I would reverse Shackleford’s convictions and remand the case for further proceedings. Accordingly, I would not reach the other issues raised by Shackleford in this appeal.

 Code § 16.1-272.1, enacted in 2000, further undermines the majority’s conclusion with regard to the legislative intent embodied in Code § 16.1-269.1(E). This statutes provides, in pertinent part, that:
In addition to any other curative provisions, waivers, procedural defaults, or requirements for timely objections, including but not limited to those in . . . subsection E of § 16.1-269.1 and subsection E of § 16.1-269.6, any claim of error or defect under this chapter, jurisdictional or otherwise, that is not raised within one year from the date of final judgment of the circuit court or one year from the effective date of this act, whichever is the later, shall not constitute a ground for relief in any judicial proceeding.
If the majority’s expanded interpretation of Code § 16.1-269.1(E) is correct, then the inclusion of that Code section in Code § 16.1-272.1 would have been entirely unnecessary. Clearly the legislature concluded otherwise.