# CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County
School Board

v.

Michelle M. Faber

June 30, 2008

Case No. CL 2007-14027

BY JUDGE STANLEY P. KLEIN

The Fairfax County School Board ("the Board" or "FCSB) initiated this appeal under Virginia Code § 22.1-314 on behalf of Michelle M. Faber, a Fairfax County school teacher, seeking to overturn a determination by the Board finding that her conditional reappointment was not grievable under the grievance procedures outlined in the Virginia Board of Education's statutorily mandated "Procedures for Adjusting Grievances." *See* 8 VAC 20-90-10 et seq. ("Grievance Procedures.") The question presented to this Court, therefore, is whether a Fairfax County teacher has the right to grieve the substance of a performance evaluation that leads to a conditional reappointment under the governing Fairfax County School Board Regulations and the Virginia Code.

The Court has fully considered the pleadings, the record from the Board, the briefs submitted by the parties, and the arguments of counsel. For the reasons set out below, the Board's determination that a Fairfax County school teacher may not grieve the substance of a performance evaluation is reversed, and the matter is remanded to the Board for further proceedings consistent with this opinion.

## I. *Background*

The parties do not dispute the underlying facts of the appeal. Under Virginia Code § 22.1-304, a teacher obtains continuing contract status after completing a mandatory three-year probationary term. In Virginia, continuing contract status is the equivalent of tenure. *See Johnson v. Fraley*, 470 F.2d 179, 180 (4th Cir. 1972). Once placed on a continuing contract, a teacher is thereafter formally reviewed every three years. As the result of each such formal review, the teacher is either (1) reappointed, (2) conditionally reappointed, or (3) not reappointed. If a teacher receives a conditional reappointment, she is denied the salary step increase she would receive if she had received a status of "reappointed." Moreover, a teacher who is placed on a conditional reappointment must participate in an "intervention program," and is placed back "on cycle" for an evaluation, meaning that she is evaluated every year until she attains a classification of "reappointed." Nonetheless, a conditional reappointment does *not* modify that teacher's continuing contract status. *Williams v. Charlottesville*, 940 F. Supp. 143, 146 (W.D. Va. 1996).

Faber has been a teacher with the Fairfax County Public School system ("FCPS") since the 2000-2001 school-year. As a result of positive reviews during her first five years as a teacher within the FCPS, Faber was placed on a continuing contract. At the end of the 2006-2007 school-year, Faber was slated for her three year formal review. Faber received a written final evaluation from Mount Vernon Woods School Principal, Marie Lemmon, which ultimately led to Faber's receiving a classification of conditionally reappointed for the 2007-2008 school year. On or about June 8, 2007, Faber initiated the FCPS's Grievance Procedure in order to challenge the conditional reappointment she received. In response, Lemmon informed Faber that the Grievance Procedure did not allow her to challenge the substance of the review. On September 20, 2007, Lemmon issued a written statement precluding Faber from challenging the substance of her evaluation through the FCPS Grievance Procedure.

On September 27, 2007, Faber filed a request and supporting memorandum with the Board to issue a grievability determination. Faber requested that the Board find that a teacher may grieve through the FCPS Grievance Procedure a principal's substantive determination to classify her as conditionally reappointed. On October 26, 2007, the FCSB issued a Grievability Determination finding that Faber's claim was not grievable under controlling Virginia law. The Board found that "the grievance process is

available to those who assert that the *process* has not been followed and not as a means of attacking the *actual evaluation* or ratings themselves." FCSB's Grievability Determination, p. 2 (emphasis added).

In response, Faber filed a Notice of Appeal under Virginia Code § 22.1-314, which obligated the Board to initiate an appeal. Presently before the Court is the appeal of the Board's decision that Faber's classification of conditional reappointment is not grievable.

## II. *Analysis*

On appeal, Faber argues that she was entitled to utilize the full grievance process to appeal her performance evaluation and her conditional reappointment under Virginia Code § 22.1-306 and Fairfax County School Board Regulation 4440.9. On appeal, Faber also advanced a secondary argument that the Board's ruling that she could not grieve her evaluation deprived her of due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. In *Board of Regents v. Roth*, the United States Supreme Court held that "to have a property interest in a benefit [or job], a person clearly must have more than an abstract desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). On appeal, Faber failed to direct the Court to a law or contractual provision that entitles her to a salary step increase. To the contrary, the Teacher Handbook for all FCPS teachers states that all teachers' employment, including Faber's, is subject to annual evaluations. *See FCPS Teacher Handbook*, pp. 9-10. Thus, according to the employment terms governing the relationship between FCPS and Faber, Faber does not have a "legitimate claim of entitlement" to her salary step increase as required by Roth, and the Court accordingly denies Faber's appeal on this due process ground.

Section 22.1-306 provides the statutory definition of the term grievance. It begins by defining grievance as a complaint by a teacher "relating to his or her employment. . . ." Va. Code § 22.1-306. Section 22.1-306 then sets out a *non-exhaustive* list of issues that are grievable, including:

> (i) disciplinary action including dismissal or placing on probation; (ii) the application or interpretation of: (a) personnel policies, (b) procedures, (c) rules and regulations, (d) ordinances, and (e) statutes; (iii) acts of reprisal against a teacher for filing or processing a grievance, participating as a witness in

any step, meeting, or hearing relating to a grievance, or serving as a member of a fact-finding panel; and (iv) complaints of discrimination on the basis of race, color, creed, political affiliation, handicap, age, national origin, or sex.

*Id.* Section 22.1-306 further enumerates an exhaustive list of issues that are not grievable. Those eight excluded events are:

(i) establishment and revision of wages or salaries, position classifications, or general benefits;

(ii) suspension of a teacher or non-renewal of the contract of a teacher who has not achieved continuing contract status;

(iii) the establishment or contents of ordinances, statutes, or personnel policies, procedures, rules, or regulations;

(iv) failure to promote;

(v) discharge, layoff or suspension from duties because of decrease in enrollment, abolition of a particular subject, or insufficient funding;

(vi) hiring, transfer, assignment, and retention of teachers within the school division;

(vii) suspension from duties in emergencies; or

(viii) methods, means, and personnel by which the school division's operations are to be carried on.

*Id.* Lastly, § 22.1-306 provides an additional, independent basis from which a teacher may grieve a decision of a school board. Section 22.1-306 establishes that "failure to apply, where applicable the rules, *regulations*, policies, or procedures as written or established by the school board is grievable." *Id.* (emphasis added). The fact that the General Assembly provided a means for a teacher to grieve the failure of a local school board to apply its own regulation or policy is entirely consistent with the Constitution of Virginia which states that "[t]he supervision of schools in each school division shall be vested in a school board." Va. Const., Art. VIII, § 7; see also Va. Code § 22.1-28.

Moreover, the Supreme Court of Virginia has implicitly acknowledged what § 22.1-306 explicitly recognizes. In *Tazewell County Sch. Bd. v. Gillenwater*, a school teacher was involuntarily transferred from one school to another. 241 Va. 166, 169, 171, 400 S.E.2d 199, 201 (1991). The Supreme Court ultimately held that the teacher's appeal was not grievable because the dispute centered on a "transfer or assignment . . . of teachers" which, as noted above, is explicitly excluded under § 22.1-306. *Id.* at 169, 400 S.E.2d at 201.

Despite this clear basis to deny the grievance request, the Court nonetheless went on to analyze whether the Tazewell County School Board's alleged failure to apply one of its own regulations provided a basis for the teacher to grieve her transfer. *Id.* at 169, 400 S.E.2d at 201. The teacher had claimed that she was involuntarily transferred in violation of a local school board regulation which required that "[a]ny involuntary transfer will be made only after a meeting between the teacher involved and the superintendent . . . at which time the teacher will be notified of the reasons for the transfer." *Id.* at 170, 400 S.E.2d at 201. However, the Court found that Gillenwater failed to include any facts in the record on appeal to enable the Court to determine that the school board had in fact violated its own regulation. *Id.* at 170, 400 S.E.2d at 201. Nonetheless, the *Gillenwater* Court's mode of analysis seemingly supports a conclusion that, had there been evidence that the local school board had violated its own regulation, Gillenwater would in fact have been able to grieve her involuntary transfer under § 22.1-306, even though the substance of the appeal, a teacher transfer, is expressly excluded by § 22.1-306(vi). *Id.*

Similarly, in *County Sch. Bd. of York County v. Epperson*, 246 Va. 214, 435 S.E.2d 647 (1993), the Court held that several teachers' complaints regarding their transfers from one school to another were not grievable under § 22.1-306. Once again, the teachers had asserted failure to apply local regulations as a basis for their grievance, and again the Court went on to analyze this argument notwithstanding the fact that transfers are expressly not grievable under § 22.1-306. *Id.* at 218-19, 435 S.E.2d at 650. The teachers in *Epperson* appealed the grievability determination by the York County School Board by asserting that the board had failed to follow three specific regulations regarding the circumstances under which teachers could be transferred. *Id.* The Court, however, ultimately found that there were no facts to support a contention that the school board failed to comply with its procedures or policies. *Id.* The Court held that the teachers' reliance on "conclusory statements" that the school board had not followed its own regulations was insufficient to make the dispute grievable under § 22.1-306's provision that failure of a school board to apply its own regulations is grievable. *Id.*

It is, therefore, through the lens of § 22.1-306 and its provision allowing a teacher to grieve a decision by a school board if that decision arises from a board's failure to apply a regulation, policy, or procedure that this Court must potentially answer two questions. First, was the Board's failure to apply Regulation 4440.9 in denying Faber access to the grievance process to challenge the substance of her evaluation grievable under § 22.1-306? Second, assuming that the Board did not fail to apply one of its own regulations, was

an appeal of the substantive findings of a performance evaluation embodied in one of the expressly excluded issues enumerated in § 22.1-306? The language of Regulation 4440.9 dictates the decision this Court must reach.

Regulation 4440.9 states that "[t]he grievance process may be used to challenge *the evaluation.*" *See* FCSB Reg. 4440.9(IV)(I) (emphasis added) ("Regulation 4440.9"). On appeal, Faber argues that she is entitled to grieve the substantive nature of her evaluation as Regulation 4440.9 contains no limiting language as to the portion of an evaluation a teacher may grieve, whether it be procedural or substantive. She further asserts that, because the Board failed to properly apply Regulation 4440.9, she may grieve her evaluation in its entirety. In response, the Board, both in its Grievability Determination and on appeal, contends that it has interpreted Regulation 4440.9 to "mean that the grievance process is available to those who assert that the [evaluation] *process* has not been followed and *not* as a means of attacking the actual evaluation or ratings themselves." *See* FCSB Faber Letter, Ex. D to Appellant's Memo in Support (emphasis added). Additionally, the Board argues that Faber's appeal of the substance of her evaluation constitutes a dispute centering on (1) the establishment and revision of wages or salaries, position classifications, or general benefits, or (2) a failure to promote, both of which cannot be grieved because they are excluded under § 22.1-306(i) and (iv).

In the present matter, unlike the situation in *Gillenwater* and *Epperson,* Faber has presented facts to show that the Board failed to apply its own regulation, rather than merely relying on "conclusory statements" to that effect. Moreover, the regulation that Faber cites in her appeal is noticeably different from those the *Gillenwater* and *Epperson* courts examined. Regulation 4440.9, on its face, is without limitation and thus covers all facets of an evaluation. Regardless of the Board's contention that it has interpreted Regulation 4440.9 to exclude substantive appeals from the grievance process, the Supreme Court has instructed trial courts to interpret statutes and regulations, which are clear and unambiguous, as written and to apply their plain language. *Barr v. Town and Country Properties, Inc.*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). Indeed, "[c]ourts are not permitted to add language to a statute nor are they permitted to accomplish the same result by judicial interpretation." *Lee-Warren v. School Bd. of Cumberland County*, 241 Va. 442, 446, 403 S.E.2d 691, 693 (1991) (quoting *Harbor Cruises, Inc. Commonwealth*, 217 Va. 458, 461, 230 S.E.2d 248 (1976)); *see also Burk v. Loudoun County Sch. Bd.*, 31 Va. Cir 426, 428 (Loudoun County 1993).

The plain language of Regulation 4440.9 evidences an intent that any and all portions of a teacher's evaluation may be grieved as the Board used no limiting language within the Regulation. This intent is further supported by the

fact that the Board explicitly used the phrase "Evaluation Process" as the title of a separate and distinct subsection of Regulation 4440.9. *See* FCSB Regulation 4440.9(IV)(C); *cf.* FCSB Regulation 4440.9(IV)(I). Had the Board intended to limit the grievance process solely to disputes stemming from the evaluation process, it clearly knew how to so limit the scope. *See Forst v. Rockingham Poultry Mktg. Co-op, Inc.*, 222 Va. 270, 278, 279 S.E.2d 400, 404 (1981) (when a legislative body "uses two different terms in the same act, it is presumed to mean two different things").

The Board argues that interpreting 4440.9 to allow a teacher to grieve the substance of her evaluation would in essence eliminate the limitations that § 22.1-306 places on what a teacher may and may not grieve. The Court ultimately does not find this argument persuasive, as the Virginia Constitution undoubtedly vests control and management of school systems in the local school boards. *See* Va. Const., Art. VIII, § 7. As a result of this clear mandate, the Board was free to adopt its own regulations, expanding the scope of what a teacher may grieve and providing teachers with greater access to the grievance process if it so chose.

Thus, the Court holds that Regulation 4440.9 is clear and unambiguous. As a result, the Court cannot rely on the Board's claimed historical interpretation of Regulation 4440.9 limiting a teacher's ability to utilize the grievance process to disputes regarding the evaluation process, and not to an evaluation's substantive findings. Because the Board "fail[ed] to apply, where applicable, the rules, regulations, policies, or procedures as written or established by the school board," Faber's complaint is grievable. As a result, the Court need not examine whether an appeal of the substantive findings of a performance evaluation is otherwise embodied in one of the expressly excluded actions enumerated in § 22.1-306. *See Gillenwater* 241 Va. at 171, 400 S.E.2d at 201; *Epperson*, 246 Va. at 218-19, 435 S.E.2d at 650.

Accordingly, for these reasons, the Court reverses the Board's October 26, 2007, Grievability Determination, finds that Faber's dispute regarding the substance of her performance evaluation is properly grievable under § 22.1-306, and remands this matter to the Board for further proceedings consistent with this opinion.