# CIRCUIT COURT OF THE CITY OF ROANOKE

Carter Frank Garrett

    v.

Octavia Johnson et al.

May 21, 2010

Case No. CL10-180

By Judge Robert P. Doherty, Jr.

Petitioner Carter F. "Frank" Garrett, a deputy sheriff appointed by Octavia Johnson, Sheriff of the City of Roanoke, ran against her in a general election for the office of sheriff. Sheriff Johnson was reelected. Thereafter, Sheriff Johnson notified then Deputy Garrett that he would not be reappointed to the position of Deputy Sheriff for her new term. Petitioner Garrett then filed a grievance under the Roanoke City Grievance Procedure claiming that he was terminated from his employment arbitrarily, that his termination was without due process of law, and that his termination was grievable. Sheriff Johnson requested a ruling from the City Manager as to whether Petitioner Garrett's complaints fell within, and could be resolved by, the city's grievance procedure. The City Manager, after consultation with the City Attorney, determined that Petitioner Garrett's objections to his loss of his position as a deputy sheriff were not grievable. Petitioner Garrett appeals that decision to this Court.

## Termination of Employment

The Sheriff, just as any other constitutional officer, is elected to a specific term of office that has a beginning date and an ending date. If the Sheriff wants to continue beyond the ending date of that elected term, he or she has to be reelected. By a grant of authority from the legislature, the Sheriff is allowed to appoint deputies to serve during that particular sheriff's elected term. Those appointed deputies can be removed from office at any time by their principal. A deputy's appointed term ends along with the sheriff's elected term. See § 15.2-408(c) and § 15.2-1603, Code of Virginia (1950), as amended. If the deputy is to continue in office, he has to be reappointed by the newly elected or reelected sheriff for the new term of office. In this case, Petitioner Garrett's appointment as Deputy Sheriff for the City of Roanoke ended, by operation of law, on December 31, 2009. He was not terminated from his employment. He was simply not reappointed to a new term as a deputy sheriff.

## Due Process Claim

In order to have a due process claim, either federal or state, the appointee must have a "cognizable property interest [*in his employment*], rooted in state law." *Williams v. McDonald*, 69 F. Supp. 2d 795, 799 (E.D. Va. 1999). Sheriff's deputies in Virginia do not have a protected property interest in continued employment because they are at will appointees serving at the discretion of their sheriff. *Jenkins v. Weatherholtz*, 909 F.2d 105, 107 (4th Cir. 1990). Therefore, because sheriff's deputies are at will employees and do not have a protected property interest in their continued employment, no due process rights are available to them concerning reappointment to their current position.

## Factual Allegations

The written grievance filed by Petitioner alleges that he was arbitrarily terminated, that he was denied due process, and that his complaint was grievable. These are all conclusory allegations and unsubstantiated opinions. The petition does not set forth sufficient facts for the Court to determine on its own whether a grievable issue exists. Mere conclusions, without more, are not sufficient to make a claim grievable. See *Tazewell County Sch. Bd. v. Gillenwater*, 241 Va. 166 (1991), and *County Sch. Bd. of York County v. Epperson*, 246 Va. 214 (1993).

 

### *Applicable Grievance Procedure*

The Roanoke City Grievance Procedure, Personnel Operating Procedure # 6, paragraph 4(a)(7), states that the decisions of management concerning hiring are not grievable. Personal Operating Procedure # 6, paragraph 2(a)(1)(2) and (5), denies the right to file a grievance to all appointees of elected individuals, to officials or employees who by law serve at the will of an appointing authority and to employees whose terms of employment are limited by law. Petitioner fits all of those categories. He was an "at will" appointee of an elected official, his term of office was limited by statute, and his complaint dealt with a decision of management concerning hiring. Consequently, because of his unique employment status, Petitioner's complaint is not grievable.

### *Conclusion*

Accordingly, the Court affirms the decision of the City Manager. Petitioner's claim is not grievable under the Roanoke City Grievance Procedure. This finding renders moot any other arguments of counsel.